**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GIUSEPPE QUAGLIA,** *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> - against - <br><br> **1226 SECOND AVENUE REALTY CORP. d/b/a PRIMOLA,** **and DJULIANO ZULIANI,** <br><br> Defendants. | Case No: 23-cv-4565 <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff GIUSEPPE QUAGLIA ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 1226 SECOND AVENUE REALTY CORP. d/b/a PRIMOLA (the "Corporate Defendant"), and DJULIANO ZULIANI (the "Individual Defendant," and together with Corporate Defendant, the "Defendants") and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from

1

Defendants: (1) unpaid minimum and overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2.     Plaintiff also brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid minimum and overtime wages, (2) statutory penalties, (3) liquidated damages for unpaid wages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

### *GIUSEPPE QUAGLIA*

7.     Plaintiff is an adult who resides in Queens County, New York.

8.     Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9.      Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

***Defendants***

10.      At all relevant times, Defendants owned and operated an Italian-cuisine restaurant under the tradename of PRIMOLA, located at 1226 Second Avenue, New York, New York 10065.

11.      At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

12.      At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13.      At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

### *1226 SECOND AVENUE REALTY CORP.*

14.      Corporate Defendant 1226 SECOND AVENUE REALTY CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 1226 Second Avenue, New York, NY 10065, and an address for service of process located at c/o The Corporation, 1226 Second Avenue, New York, NY 10065. Defendants operate PRIMOLA through Corporate Defendant 1226 SECOND AVENUE REALTY CORP.

15.      At all relevant times, 1226 SECOND AVENUE REALTY CORP. has done business as PRIMOLA.

16.      At all relevant times, 1226 SECOND AVENUE REALTY CORP. had an annual dollar volume of sales in excess of $500,000.

17.    1226 SECOND AVENUE REALTY CORP. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

18.    At all relevant times, 1226 SECOND AVENUE REALTY CORP. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

19.    1226 SECOND AVENUE REALTY CORP. applies the same employment policies, practices and procedures to all non-exempt tipped employees at PRIMOLA.

*DJULIANO ZULIANI*

20.    At all relevant times, Individual Defendant DJULIANO ZULIANI has been an owner and operator of PRIMOLA.

21.    At all relevant times, DJULIANO ZULIANI has been a principal of the Corporate Defendant.

22.    At all relevant times, DJULIANO ZULIANI has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at PRIMOLA.

23.    At all relevant times, DJULIANO ZULIANI has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at PRIMOLA.

24.    At all relevant times, DJULIANO ZULIANI has had the power to maintain employment records, including time and/or wage records of employees at PRIMOLA.

25.    At all relevant times, DJULIANO ZULIANI has been actively involved in managing the day to day operations of PRIMOLA.

26.     At all relevant times, DJULIANO ZULIANI has had authority over personnel or payroll decisions and employment policies, practices and procedures at PRIMOLA.

27.     At all relevant times, DJULIANO ZULIANI has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

28.     DJULIANO ZULIANI is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-exempt employees employed as tipped employees (servers, runners and bussers) at PRIMOLA owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

30.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the full minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

31.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

32.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

33.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

34.     Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt employees employed as tipped employees (servers, runners and bussers) at PRIMOLA owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

35.     Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

36.     Plaintiff is a member of the Class.

37.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

38.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

39.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

40.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay wages for all hours worked, (ii) failing to provide proper wage notices, and (iii) failing to provide proper wage statements, in violation of the NYLL.

41.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

42.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

43.     Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

44.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

45.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

46.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

48.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

49.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

a.  Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b.  Whether Defendants paid Plaintiff and Class Members their proper wages for all hours worked;

c.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

d.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

**STATEMENT OF FACTS**

50.     Plaintiff was employed by Defendants as a server at "PRIMOLA," located at 1226 Second Avenue, New York, New York 10065, from on or about October 7, 2022 through on or about December 29, 2022.

51.     At all relevant times, Plaintiff regularly worked five (5) to seven (7) days per week, from at least 3:00pm until 10:00pm, for a total of approximately thirty-five (35) to forty-nine (49) hours per week. On occasion, Plaintiff worked beyond 10:00pm. At all relevant times, Plaintiff worked without any set or scheduled meal breaks. At all relevant times, if meals were provided, Plaintiff was permitted a brief break of a maximum of fifteen (15) minutes per workday to eat. Based on Plaintiff's observations and conversations with his co-workers at PRIMOLA, Plaintiff, FLSA Collective Plaintiffs and Class Members worked similar schedules. FLSA Collective Plaintiffs and Class Members were also only permitted a brief break to eat if meals were provided.

At all relevant times, Defendants did not have set or scheduled meal breaks for FLSA Collective Plaintiffs and Class Members.

52.     At all times, Defendants had a policy of not properly compensating Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked. Specifically, Defendants did not compensate them their base pay for any of their hours worked. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were compensated with only their tips and were not paid a base pay at either the prevailing minimum wage rate, or even the prevailing tip credit minimum wage rate.  Based on Plaintiff's observations and conversations with his co-workers at PRIMOLA, Plaintiff, FLSA Collective Members and Class Members were similarly compensated for their work with only their tips and no base pay.

53.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were compensated every workday pursuant to a tip pool, from which they were tipped out in cash after their shift. At all times, Plaintiff and Class Members did not receive any wage statements with their tip payments.

54.     Throughout his employment with Defendants, Plaintiff did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL. FLSA Collective Plaintiffs and Class Members similarly did not receive proper notices of pay rate from Defendants, as required under the NYLL.

55.     Throughout his employment with Defendants, Plaintiff did not receive any wage statements with his compensation from Defendants. Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, FLSA Collective Members' and Class Members' similarly did not receive any weekly wage statement with their compensation.

56.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants only paid tips to Plaintiff, FLSA Collective Members and Class Members, which was on a daily basis, without any weekly wage statements. Defendants did not compensate any base pay to Plaintiff, FLSA Collective Members and Class Members.

57.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members the lawful minimum wage.

58.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members their lawful overtime wages for hours worked in excess of forty (40) hours per week.

59.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Plaintiff, FLSA Collective Members and Class Members did not receive any and/or proper notice that Defendants were claiming a tip credit.

60.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Plaintiff, FLSA Collective Members and Class Members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received.

61.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Members and Class Members of the amount of tip credit taken for each pay period.

62.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to track daily tips earned by Plaintiff, FLSA Collective Members and Class Members, and failed to keep accurate records thereof.

63.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Plaintiff, FLSA Collective Members and Class Members were required to engage more than two (2) hours and/or twenty percent (20%) of their workdays performing non-tipped side work, specifically pre-shift side work. Every workday, from 3:00pm until 5:00pm, Plaintiff, FLSA Collective Members and Class Members were required to perform side work, including preparing the restaurant for service and setting up the table settings, before the restaurant reopened at 5:00pm.

64.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to keep accurate record of the actual hours worked by their employees at PRIMOLA.

65.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Plaintiff, FLSA Collective Members and Class Members similarly suffered from Defendants' failure to pay full and proper wages for all hours worked.

66.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to pay any wages to Plaintiff, FLSA Collective Members and Class Members for their hours worked.

67.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to provide proper wage notices to Plaintiff and Class Members.

68.     Based on Plaintiff's observations and conversations with co-workers at PRIMOLA, Defendants failed to provide proper wage statements to Plaintiff and Class Members.

69.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

70.     Defendants knowingly and willfully operated their business with a policy of failing to pay the full and proper wages to Plaintiff, FLSA Collective Members and Class Members for all hours worked, in violation of the FLSA and NYLL.

71.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

72.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

75.     Defendants failed to pay Plaintiff and FLSA Collective Members the minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

76.     Defendants are not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants failed to inform Plaintiff and FLSA Collective Members of the provisions of subsection 203(m) of the FLSA.

77. Defendants are also not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants required Plaintiff and FLSA Collective Members to perform a substantial amount of non-tipped side work in excess of two (2) hours or twenty percent (20%) of their workdays.

78. Defendants are also not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants failed to compensate Plaintiff and FLSA Collective Members any base pay.

79. Defendants failed to pay Plaintiff and FLSA Collective Members proper wages for all hours worked.

80. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

81. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage and overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

82. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

83. As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied minimum wage and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of

such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

84.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

87.     Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $11.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (b) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (c) $15.00 per hour for all hours worked from December 31, 2018 through the present.

88.     Defendants have failed to notify Plaintiff and Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

89.     Defendants required Plaintiff and Class Members to perform a substantial amount of non-tipped side work in excess of two (2) hours or twenty percent (20%) of their workdays.

90.     Defendants are also not eligible to avail themselves of the New York tip credit provisions because Defendants failed to compensate Plaintiff and Class Members any base pay.

91.     Defendants failed to pay Plaintiff and Class Members proper wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

92.     Defendants failed to pay Plaintiff and the Class the full and proper wages for all hours worked.

93.     Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

94.     Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable;

the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

95.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

96.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of the amounts of tips earned by Plaintiff and Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.

97.     Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

98.     As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid wages, liquidated damages, statutory damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d.  An award of unpaid minimum wage and overtime wage due under the FLSA and NYLL;

e.  An award of liquidated damages as a result of Defendants' willful failure to pay full and proper wages for all hours worked, including minimum wage and overtime wages, pursuant to the FLSA or NYLL;

f.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

g.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

h.  Pre-judgment and post-judgment interest;

i.  Reasonable attorneys' fees and costs of this action;

j.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 31, 2023

Respectfully submitted,

**BROWN KWON & LAM, LLP**

By:    */s/ Clara Lam*

Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*